IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-cv-602-BO

GREGORY ROSS,                          )
                                       )
         Plaintiff,                    )
                                       )
v.                                     )        O R D E R
                                       )
ANDREW SAUL                            )
*Commissioner of Social Security*,[1]  )
                                       )
         Defendant.                    )

This matter is before the Court on the parties' cross-motions for judgment on the pleadings.
[DE 15, 17]. The motions have been fully briefed and are ripe for disposition. A hearing on this
matter was held at Elizabeth City, North Carolina on September 13, 2019. For the reasons
discussed below, plaintiff's motion for judgment on the pleadings [DE 15] is GRANTED and
defendant's motion [DE 17] is DENIED.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) for review of the final decision of
the Commissioner denying his claim for a period of disability and disability insurance benefits.
Plaintiff applied for benefits in April 2015. The claim was denied, and he received a hearing in
front of an Administrative Law Judge (ALJ) in September 2017, who issued an unfavorable ruling.
This decision became the final decision of the Commissioner when the Appeals Council denied
plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this
Court.

---

[1] Saul has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).

DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

2

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4). In this case, the analysis ended at step five when the ALJ determined that plaintiff could perform the jobs of document preparer, tableworker, and assembler.

The ALJ committed reversible error by failing to include in the RFC all of plaintiff's limitations caused by his posttraumatic headaches, and by failing to explain why accommodations for these limitations were not incorporated. In 2010, plaintiff suffered a traumatic brain injury from an on-the-job accident resulting in a weeklong hospitalization and an additional six days of rehabilitation. He has complained to medical providers of headaches, dizziness, and memory loss since the injury. He has constant migraines that range in severity, but never fully subside. Moreover, to treat the headaches, he often must lie down in a dark room for several hours before he can function again.

In forming the RFC, the ALJ did not include any accommodation for plaintiff's needing to lie down for hours at a time nor any accommodation for anticipated absences due to the headaches. While the ALJ did include limitations for plaintiff to avoid excessive noise and very bright light, those are not the only conditions that cause the headaches. Indeed, the record supports the alleged

3

severity of plaintiff's headaches. *See, e.g.*, Tr. 441; 577; 593–95. By failing to include in the RFC his limitation of the need to frequently lie down, the ALJ committed reversible error.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance as the record before this Court properly supports a finding that defendant has failed to satisfy his burden to show plaintiff can perform work in the national economy. Accordingly, there is nothing to be gained from remanding this matter for further consideration and reversal for an award of benefits is appropriate.

## CONCLUSION

Having conducted a full review of the record and the decision in this matter, the Court concludes that reversal is appropriate. Accordingly, plaintiff's motion for judgment on the pleadings [DE 15] is GRANTED and defendant's motion [DE 17] is DENIED. The decision of the ALJ is REVERSED and the matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED, this 30 day of October, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE